UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| ARNOLD SCHRAGER, | ) |
| Plaintiff, | ) 2:12-CV-0180-LRH-CWH |
| v. | ) |
| JENNIFER ALDANA, | ) ORDER |
| Defendant. | ) |

Before the court is defendant Jennifer Aldana's ("Aldana") motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. Doc. #10. Plaintiff Arnold Schrager ("Schrager") filed an opposition (Doc. #12) to which Aldana replied (Doc. #14).

**I.      Facts and Procedural History**

This dispute arises from a transfer of money defendant Aldana received from her mother, Karen Lipton ("Lipton"). The money was allegedly party of Aldana's grandmother's estate. Schrager, Aldana's uncle and Lipton's brother, alleges that Lipton improperly took money from the estate that was bequeathed to him and gifted a large portion of it to Aldana.

Subsequently, Schrager, a citizen of California, initiated the present action in Nevada to recover the gifted money from Aldana, a New Jersey resident. Thereafter, Aldana filed the present motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. Doc. #10.

///

## II. Discussion

A district court may transfer any civil action to another district where the action may have been brought in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). A court evaluating a motion to transfer venue weighs multiple factors including the parties contacts with the chosen forum, the ease of access to sources of proof and witnesses, and the difference in the cost of litigation between the two districts. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Here, those factors weigh in favor of transferring venue: (1) defendant Aldana has no contacts with Nevada other than Lipton's, who lives in Nevada, transfer of the money; (2) the vast majority of relevant witnesses are located outside of Nevada, either in California or New Jersey; (3) the costs of discovery and litigation in Nevada is substantially higher than New Jersey because of the substantial travel costs involved for the multiple parties and witnesses residing outside of Nevada; and (4) defendant Aldana is domiciled in New Jersey so venue is proper there. *See* 28 U.S.C. § 1391. Accordingly, the court shall grant Aldana's motion and transfer this action.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue (Doc. #10) is GRANTED. The clerk of court shall TRANSFER this action, 2:12-cv-0180-LRH-CWH, to the United States District Court for the District of New Jersey.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE